# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL B. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 15-4856-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's pro se[1] Motion for Leave to File out of Time (Doc. 4), and on the Commissioner of Social Security's (hereinafter Commissioner) Motion to Dismiss. (Doc. 10) (hereinafter Mot. to Dismiss). On March 3, 2015, Plaintiff filed a Complaint seeking judicial review of a decision of the Commissioner of Social Security denying Supplemental Security Income (SSI) benefits. (Doc. 1). At the same time, Plaintiff filled his Motion for Leave to File out of Time (Doc. 4), seeking the court's permission to file this case beyond the sixty-day statutory limitation period provided by 42 U.S.C. § 405(g) and referenced in the notice provided to Plaintiff by the Appeals

---

[1]Because Plaintiff proceeds pro se before this court, the court construes his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009). But, the court will not assume the role of advocate for Plaintiff. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Council. (Doc. 13) (Attach. Z-1). The court sought input from the Commissioner, and issued an order requiring her to respond to the motion by stating no objection to the motion to file out of time or by showing cause by April 3, 2015 why Plaintiff's motion should not be granted as unopposed. (Doc. 7). Thereafter, summons was executed on March 25, 2015 (Doc. 9), and on April 3, 2015 the Commissioner appeared in this case and responded to the Court's Order to Show Cause through counsel's filing of the Motion to Dismiss at issue here. (Mot. to Dismiss n.1).

Plaintiff argues that on December 15, 2014, and within the sixty-day statutory limitations period (which by his reckoning ended December 24, 2014), he sent a request to the Office of Disability Adjudication and Review seeking an additional thirty days' time to hire an attorney and to file an action in the Federal District Court. He argues that he had not received any response to his request when he finally filed his Complaint pro se, and that because he did not receive notice from the Commissioner that his request for additional time had been denied, the "legal default position" allows this court to grant the motion to file out of time. The Commissioner argues that this case should be dismissed because the court is without subject matter jurisdiction. This is so, in her view, because Plaintiff filed the case outside the statutory limitations period (which by her reckoning ended December 22, 2014), the Commissioner has not waived that error, the Social Security Administration's (SSA) record contains no evidence that Plaintiff requested an extension of time from the Commissioner, and there are no circumstances present in this case which justify equitable tolling of the limitations period. In response to the

Commissioner's motion, Plaintiff argues that he in fact requested a "60 Day Extension Of Time in writing," that because he is not an attorney the request is sufficient to satisfy the requirements to continue this suit, that he is without fault in filing out of time, and that he "must be allowed his right to Federal Case Review." (Doc. 13).

The court's jurisdiction to decide a suit against the SSA is delimited by the Social Security Act. Weinberger v. Salfi, 422 U.S. 749, 757-64 (1975). Section 405(h) of the Social Security Act provides that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." Cordoba v. Massanari, 256 F.3d 1044, 1047 (10th Cir. 2001) (quoting 42 U.S.C. § 405(h)). The United States Supreme Court has interpreted the "arising under" language of section 405(h) to include claims that also arise under the Constitution where the claimant seeks to recover Social Security benefits because "it is the Social Security Act which provides both the standing and the substantive basis for the presentation of [the claimant's] constitutional contentions." Weinberger, 422 U.S. at 760–61.

Weinberger, then, instructs that section 405(h) is the exclusive basis for subject matter jurisdiction over plaintiff's complaint. Section 405(h) precludes review of decisions of the Commissioner save as provided in the Act, which

provision is made in section 405(g). See Weinberger, 422 U.S. at 757. Section 405(g), in turn, provides in relevant part that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); see also Weinberger, 422 U.S. at 763–64 (setting forth section 405(g)'s requirements for judicial review). On its face, then, section 405(g) specifies a statute of limitations period--it requires commencement of a civil action within 60 days after the mailing of notice of the Commissioner's decision (or within such further time as the Commissioner may allow).

It is uncontroverted that plaintiff here did not commence a civil action in federal district court within 60 days of the Commissioner's decision and that the Commissioner did not extend the 60-day period. Although the parties disagree as to the end of the sixty-day limitations period (December 24, 2014--Plaintiff; December 22, 2014--Commissioner), Plaintiff did not file his complaint in this court until March 5, 2015, seventy-one days after the deadline even by his reckoning. Of course, the 60–day requirement set forth in section 405(g) is a statute of limitations

and is subject to waiver and equitable tolling.  See <u>Bowen v. City of New York</u>, 476 U.S. 467, 478–80 (1986) (60–day period in section 405(g) constitutes a period of limitations and is subject to equitable tolling); <u>see</u> <u>Weinberger</u>, 422 U.S. at 763–64 (section 405(g) sets forth a 60–day statute of limitations that is waivable by the parties).  As it is clear that the defendant has not waived the statute of limitations (indeed, the defendant's motion to dismiss is based on the statute of limitations), the court need only consider whether equitable tolling is appropriate in this case.  The court, in its discretion, declines to apply the doctrine here.  <u>See</u> <u>United States v. Clymore</u>, 245 F.3d 1195, 1198 (10th Cir.2001) ("[T]he application of equitable doctrines rests in the sound discretion of the district court.").

Equitable tolling is used only in rare cases where the equities in favor of tolling are compelling.  <u>See</u> <u>City of New York</u>, 476 U.S. at 480–81.  As the Supreme Court has noted:

> Federal courts have typically extended equitable relief only sparingly. We have [however] allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.

<u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990).  In the Tenth Circuit, equitable tolling is typically permitted when the defendant's conduct rises to the level of active deception, when the plaintiff has been lulled into inaction by

5

the defendant, and when extraordinary circumstances have prevented the plaintiff from filing his or her claim within the statutory period.  See Clymore, 245 F.3d at 1199.  Applying these traditional equitable tolling principles, the court is convinced that tolling of the 60–day period is not appropriate in this instance.

The Commissioner's conduct in this case does not rise to the level of active deception, and the evidence does not suggest that Plaintiff was lulled into inaction by the defendant.  Plaintiff asserts he sent a request for additional time to file his suit, but there is no evidence that the Commissioner received that request, and there is certainly no evidence that she deceived or attempted to deceive Plaintiff with regard to whether she would or had approved the request.  The Commissioner presented an affidavit sworn by Kathie Hartt, Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration, in which she asserts that the electronic folder in Plaintiff's case does not contain any indication of a request for extension of time to file a court case.  (Doc. 11, p.3).  Plaintiff does not provide evidence that the Social Security Administration in fact received a request for extension of time.  Plaintiff asserts that he sent such a request, and he submitted two copies of that alleged request to the court.  (Doc. 4, p.2; Doc. 13, Attach. Z).  However, Plaintiff presents no evidence that would tend to prove receipt of the request by the Commissioner, such as a certified mail receipt, or a return receipt signed by an agent of the Commissioner.  Moreover, the two alleged

copies of the request submitted by Plaintiff differ in one major respect.  The copy filed with his motion for extension of time has no footer at the bottom of the request (Doc. 4, p.2) whereas the copy filed with Plaintiff's supplement includes a footer stating "Monday, December 15, 2014 AOL: brandyoffy."  (Doc. 13, "Attached Z").

Finally, the court finds that the evidence does not suggest that extraordinary circumstances have prevented the plaintiff from filing his claim within the statutory period.  In his request for extension of time presented to the Office of Disability Adjudication and Review, Plaintiff sought a 30 day extension to file because he is a layman and desired to hire an attorney to represent him before the district court.  In doing so, Plaintiff implied that he is unable to file a case in the district court for himself.  Yet, on March 5, 2015 that is exactly what he did, he filed a pro se case in the district court.  He presents no evidence that he could not have done so before the sixty day statute of limitations expired.  Moreover, Plaintiff's request for extension sent to the Office of Disability Adjudication and Review sought a thirty day extension of time.  (Doc. 4, p.2; (Doc. 13, "Attached Z").  Had that extension been granted, it would have extended the time for filing a case with the district court only till January 23, 2015 assuming that Plaintiff's calculation of the original limitation of December 24, 2014 is correct.  Even granting Plaintiff the extension he requested, he filed his case on March 5, 2015, forty-one days too late.

Finding no circumstances which would justify equitable tolling in this case, the court finds that this case was filed after the statute of limitations ran, and the court is, therefore, without subject matter jurisdiction and this case is DISMISSED.

**IT IS THEREFORE ORDERED** that this case is DISMISSED for lack of subject matter jurisdiction.

Dated this 29th day of April 2015, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**